

**FILED**
FEB 23 2006
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| DAMON WYNN,<br><br>    Petitioner,<br><br>    v.<br><br>GEORGE J. GIURBINO,<br><br>    Respondent. | Case No. CV05-1300-NM (MLG)<br><br>SUPPLEMENTAL REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |



DOCKETED ON CM
FEB 23 2006
BY _____ 040

On June 17, 2005, I filed a Report and Recommendation in this petition for writ of habeas corpus. Petitioner had alleged in his petition that his right to equal protection had been violated by the prosecutor's use of a peremptory challenge to remove the only African American juror in the venire. *Batson v. Kentucky*, 476 U.S. 79 (1986). This Court concluded that the California Court of Appeal's decision finding that the trial court[1] had correctly rejected Petitioner's *Batson/Wheeler*[2] challenge was neither contrary to nor an unreasonable

---

[1] The trial court found that the prosecutor's explanation for the challenge was non-discriminatory, reasonable and credible.

[2] *People v. Wheeler*, 22 Cal. 3d 258 (1978). A *Wheeler* motion serves as an implicit objection under *Batson*. *Boyd v. Newland*, 393 F.3d 1008, 111 fn. 2 (9th Cir. 2004).

application of clearly established federal law as determined by Supreme Court precedent nor an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004). In reaching this decision, I found that Petitioner had not rebutted the presumption of correctness which attached to the California Court of Appeal's factual findings by presenting clear and convincing evidence that the state court's factual findings were in error. *Id.*; See 28 U.S.C. § 2254(e)(1).

Petitioner filed his objections to the Report on July 7, 2005. On August 26, 2005, United States District Judge Nora M. Manella ordered that the matter be stayed pending the decision of the United States Supreme Court in *Rice v. Collins*, 125 S.Ct. 2989 (2005)(granting certiorari). Judge Manella further ordered that following the Supreme Court's decision in *Rice v. Collins*, the parties notify the court of their respective positions concerning the effect of that decision in this case.

On January 18, 2006, the Supreme Court issued its decision in *Rice v. Collins*, 126 S.Ct. 969 (2006) ("*Collins*"). On February 7, 2006, Petitioner filed Supplemental Objections to the Magistrate Judge's Report and Recommendation. On February 21, 2006, Respondent a position statement which argues that *Collins* reinforces this Court's earlier decision. I will briefly address both the *Collins* decision, the additional objections filed by Petitioner and whether either warrants a different result in this case.

In *Collins v. Rice*, 348 F.3d 1082 (9th Cir. 2003) amended and superceded by 365 F.3d 667 (9th Cir. 2004), the United States Court of Appeals for the Ninth Circuit reversed a district court's denial

of a petition for writ of habeas corpus which alleged a *Batson* error during jury selection. In granting the writ, the Court of Appeals found that the state courts had made unreasonable factual determinations in light of the evidence presented and had unreasonably applied clearly established federal law as determined by the Supreme Court. *Collins*, 348 F.3d at 1090.

In reversing the Ninth Circuit decision, the Supreme Court reviewed the evidence from which the Court of Appeals had found that the state court's decision was an unreasonable determination of the facts and stated that: "...the panel majority improperly substituted its evaluation of the record for that of the state trial court." 126 S.Ct. at 973. The Court further found that "The panel majority's analysis and conclusions ... depended entirely on its view of the trial court's credibility determination". *Id.* at 974. In other words, the Supreme Court found that although the Ninth Circuit had articulated the proper standard for reviewing state court factual determinations on habeas review, it had substituted its own judgment on the credibility of the prosecutor's stated reasons for exercising the peremptory challenge rather than determining whether the state court's contrary decision was unreasonable in light of the evidence in the case. Noting that while reasonable minds might disagree about the prosecutor's credibility, that did not suffice to supercede the trial court's credibility determination. *Id.* at 976.

As recognized by Petitioner, *Collins* does not establish any new rule of law regarding a *Batson* analysis nor provide a framework for analysis different than that which this Court used in the Report and Recommendation. Rather, *Collins* simply reinforces the Supreme Court's continuing admonishment to the lower federal courts to adhere

3

to the strict and limited standard of review on habeas corpus as required by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d)(1); see e.g. Price v. Vincent, 538 U.S. 634, 640 (2003); Early v. Packer, 537 U.S. 3, 8 (2002) (quoting Williams, 529 U.S. at 405-06); Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002).

In his supplemental objections, Petitioner acknowledges that the decision in Collins does not support his argument but only "precludes Petitioner's reliance on the now vacated judgment of the Ninth Circuit panel majority." (Supplemental Objections at p. 2). Petitioner then reiterates the same arguments made in the petition, the reply and the original objections. All of these arguments were addressed in the original Report and Recommendation and need not be analyzed here. Suffice it to say that Collins supports this Court's deferential review of the state court decisions made in this case as well as the finding that "...the California Court of Appeal's determination that the trial court did not violate Petitioner's constitutional rights was not an unreasonable application of clearly established federal law or an unreasonable determination of the facts". (Report and Recommendation, p. 13-14).

Accordingly, for the reasons stated in the June 17, 2005 Report and Recommendation, it is recommended that the petition for writ of habeas corpus be denied.

Dated: February 23, 2006

Marc L. Goldman
United States Magistrate Judge

4